UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL VALLES,<br><br>   Petitioner,<br><br> v.<br><br>T. VIRGA,<br><br>   Respondent. | No. 2: 13-cv-0362 TLN KJN P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Introduction

  Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed, pursuant to the mailbox rule, on February 20, 2013.  (ECF No. 1.)  Petitioner alleges that application of California Penal Code § 2933.6 to his sentence, which prohibits a validated gang member or associate who is housed in a security housing unit from earning sentence reducing credits, violates his right to due process.  (Id.)

  Pending before the court is respondent's motion to dismiss on grounds that this action is barred by the statute of limitations.  (ECF No. 13.)  For the following reasons, the undersigned recommends that respondent's motion be granted.

////

////

1

Discussion

28 U.S.C. § 2254(d)(1) provides,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitations period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A state prisoner challenging an adverse administrative decision finalized after April 24, 1996, must seek federal habeas relief within one-year of the adverse administrative decision. See Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). The statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See Redd v. McGrath, 343 F.3d 1077, 1081–82, 1084 (9th Cir. 2003) (citing 28 U.S.C. 2254(d)(1)(D)).

Here, the one-year limitations period began to run on September 16, 2010, the day after the decision of the Director's Level of Review. (ECF No. 1 at 48). See Shelby v. Bartlett, supra, 391 F.3d at 1065 (holding that the statute of limitations began to run the day after the denial of an administrative appeal of a prison disciplinary hearing decision); Redd v. McGrath, 343 F.3d at 1084 (holding that the statute of limitations began to run the day after the denial of an administrative appeal of a Board of Prison Terms' decision denying parole). Thus, petitioner had until September 16, 2011, to timely seek federal habeas relief. The instant action, filed February 20, 2013, is not timely unless petitioner is entitled to statutory or equitable tolling.

////

1    Title 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed
2 application for State post-conviction or other collateral review with respect to the pertinent
3 judgment or claim is pending shall not be counted toward any period of limitation under this
4 subsection. The undersigned herein considers whether petitioner is entitled to statutory tolling
5 pursuant to 28 U.S.C. § 2244(d)(2).

6    Pursuant to the mail box rule, on July 20, 2011, petitioner filed a habeas corpus petition in
7 the San Diego County Superior Court. (ECF No. 13-1 at 2-53.) On September 23, 2011, the San
8 Diego County Superior Court denied the petition. (Id. at 55.) Pursuant to the mail box rule, on
9 January 18, 2012, petitioner filed a habeas corpus petition in the California Court of Appeal.
10 (ECF No. 13-2 at 1-52.) On June 6, 2012, the California Court of Appeal denied the petition. (Id.
11 at 54.) Petitioner next filed a habeas corpus petition in the California Supreme Court which is
12 court stamp filed on July 18, 2012. (ECF No. 13-2 at 57.) This petition contains no proof of
13 service. The California Supreme Court denied this petition on October 24, 2012. (Id. at 109.)

14   Respondent states that petitioner is entitled to statutory tolling for the entire time his state
15 petitions were pending, i.e., from July 20, 2011, until October 24, 2012, for a total of 462 days.
16 Adding 462 days to September 16, 2011, results in the limitations period ending on December 21,
17 2012. The instant action, filed February 20, 2013, is not timely.

18   In his opposition, petitioner argues that he is entitled to equitable tolling. The limitations
19 period is subject to equitable tolling if the petitioner demonstrates "(1) that he has been pursuing
20 his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v.
21 DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would
22 give rise to tolling. Id. at 418.

23   In a declaration submitted in support of the opposition, petitioner discusses the grounds of
24 his claim for equitable tolling, which include inadequate law library access and medical problems,
25 i.e., a stroke suffered in July 2007 and cancer. Petitioner also attaches medical records regarding
26 his cancer diagnosis to his opposition.

27   On August 16, 2013, petitioner filed a motion to withdraw his declaration submitted in
28 support of the opposition. (ECF No. 16.) In this motion, petitioner also contends that it can take

3

weeks for him to recover from his treatments for cancer and hepatitis C. (Id. at 3.) Based on this statement, it appears that petitioner's arguments for equitable tolling are based on the medical records attached to his opposition, rather than the withdrawn declaration. Accordingly, petitioner's motion to withdraw his declaration is granted.[1] The undersigned describes the contents of these medical records herein.

Petitioner has provided a record from the Microcorre Diagnostic Laboratory dated May 8, 2009. (ECF No. 14 at 10.) The report states that tumor cell stains indicated lymphoma. (Id.) Petitioner also includes a record from Alvarado Hospital in San Diego dated August 29, 2011. (Id. at 12.) This record state that petitioner was sent to the hospital due to elevated alpha-fetoprotein tumor marker and end-stage cirrhosis secondary to hepatitis C. (Id.) The report states that petitioner had a history of large B-cell non-Hodgkin's lymphoma, for which he had radiation treatments. (Id.) The report states,

> According to him, he has not had chemotherapy because of concurrent hepatitis C infection. I am not sure if that is correct, however. He denies any symptoms of encephalopathy, jaundice, melena or hematochezia. He did have some nausea, vomiting, and had some bright red blood hematemesis sometime in April…

(Id.)

The report concludes that chronic hepatitis C is not a contraindication to chemotherapy. (Id. at 14.) Therefore, the doctor strongly recommended chemotherapy if the oncologist thinks petitioner would benefit from it. (Id.) The doctor recommended an ultrasound of petitioner's right upper quadrant, an upper endoscopic evaluation, checking petitioner's hepatitis B surface antibody, and a prescription for Ensure. (Id.)

Finally, petitioner includes as an exhibit a copy of a form prepared at California State Prison-Sacramento on September 4, 2012 addressing petitioner's request to be transferred from the Security Housing Unit ("SHU") to an Outpatient Housing Unit available for care of his

---

[1] The statements in petitioner's declaration regarding inadequate law library access would not justify a finding of equitable tolling. Petitioner's claim for equitable tolling in his declaration based on having suffered a stroke is also not well supported.

4

multiple chronic medical problems.  (Id. at 15.)  The report states that petitioner has an ulcer and a left cranial hematoma, which appears stable.  (Id.)  The report also states that petitioner has non-Hodgkin lymphoma "status post chemotherapy and radiation in 2009.  Last cycle completed in 2012."  (Id.)

For the following reasons, the undersigned finds that petitioner is not entitled to equitable tolling based on his medical problems.  As discussed above, the statute of limitations began running on September 16, 2010.  Petitioner filed his first states habeas petition on July 20, 2011.  The California Supreme Court denied his petition on October 24, 2012.  Petitioner filed his federal petition approximately four months later on February 22, 2013.

The medical records do not demonstrate that medical treatment for lymphoma or hepatitis made petitioner unable to file his federal petition until approximately four months after the California Supreme Court denied his state habeas petition.  In other words, petitioner has not demonstrated that his treatment for lymphoma and/or hepatitis constituted an extraordinary circumstance that actually prevented him from filing a timely federal habeas petition.  See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (equitable tolling denied where delay in pursuit of federal habeas attributable to petitioner's actions in waiting for the day prior to expiration period); Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (state trial court's mis-advisement of appeal date did not equitably toll period where petitioner waited more than four months to file federal petition); Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (denying equitable tolling where "the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."); Plowden v. Romine, 78 F.Supp.2d 115, 119 (E.D.N.Y. 1999) (denying equitable tolling where petitioner allowed a two week window, in which he could have filed a timely habeas petition, to lapse).

The undersigned also finds that an evidentiary hearing is not warranted to address the issue of equitable tolling.  Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010) ("Where the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding the petitioner's

allegations…")  As discussed above, petitioner has presented a September 2012 record stating that he received chemotherapy and radiation in 2012.  However, petitioner has presented no evidence that he was treated with chemotherapy and radiation after the date of this report, i.e., September 4, 2012, that made him unable to file his federal petition until approximately four months after the California Supreme Court denied his state petition on October 24, 2012.  There is no suggestion in the record that petitioner's treatment for lymphoma and/or hepatitis C made him unable to file his federal petition until approximately four months after the California Supreme Court denied his state habeas petition.  For these reasons, an evidentiary hearing is not warranted.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to withdraw his affidavit/declaration (ECF No. 16) is granted;

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 23, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

valles362.157