1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GABRIEL VALLES,                          No.  2:  13-cv-0362 TLN KJN P

12              Petitioner,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   T. VIRGA,

15              Respondent.

16

17   Introduction

18        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed,

20   pursuant to the mailbox rule, on February 20, 2013.  (ECF No. 1.)  Petitioner alleges that

21   application of California Penal Code § 2933.6 to his sentence, which prohibits a validated gang

22   member or associate who is housed in a security housing unit from earning sentence reducing

23   credits, violates his right to due process.  (Id.)

24        Pending before the court is respondent's motion to dismiss on grounds that this action is

25   barred by the statute of limitations.  (ECF No. 13.)  For the following reasons, the undersigned

26   recommends that respondent's motion be granted.

27   ////

28   ////

1

1    Discussion

2         28 U.S.C. § 2254(d)(1) provides,

3             A 1-year period of limitation shall apply to an application for a writ
             of habeas corpus by a person in custody, pursuant to the judgment
4             of a State court.  The limitations period shall run from the latest of –

5             (A) the date on which the judgment became final by the conclusion
                 of direct review or the expiration of the time for seeking such
6                 review.

7             (B) the date on which the impediment to filing an application
                 created by State action in violation of the Constitution or laws
8                 of the United States is removed, if the applicant was prevented
                 from filing by such State action;
9
             (C) the date on which the constitutional right asserted was initially
10                 recognized by the Supreme Court, if the right has been newly
                 recognized by the Supreme Court and made retroactively
11                 applicable to cases on collateral review; or

12             (D) the date on which the factual predicate of the claim or claims
                 presented could have been discovered through the exercise of
13                 due diligence.

14         A state prisoner challenging an adverse administrative decision finalized after April 24,

15   1996, must seek federal habeas relief within one-year of the adverse administrative decision.  See

16   Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004).  The statute of limitations begins to run

17   on "the date on which the factual predicate of the claim or claims presented could have been

18   discovered through the exercise of due diligence."  See Redd v. McGrath, 343 F.3d 1077, 1081–

19   82, 1084 (9th Cir. 2003) (citing 28 U.S.C. 2254(d)(1)(D)).

20         Here, the one-year limitations period began to run on September 16, 2010, the day after

21   the decision of the Director's Level of Review.  (ECF No. 1 at 48).  See Shelby v. Bartlett, supra,

22   391 F.3d at 1065 (holding that the statute of limitations began to run the day after the denial of an

23   administrative appeal of a prison disciplinary hearing decision); Redd v. McGrath, 343 F.3d at

24   1084 (holding that the statute of limitations began to run the day after the denial of an

25   administrative appeal of a Board of Prison Terms' decision denying parole).  Thus, petitioner had

26   until September 16, 2011, to timely seek federal habeas relief.  The instant action, filed February

27   20, 2013, is not timely unless petitioner is entitled to statutory or equitable tolling.

28   ////

2

Title 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  The undersigned herein considers whether petitioner is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

Pursuant to the mail box rule, on July 20, 2011, petitioner filed a habeas corpus petition in the San Diego County Superior Court.  (ECF No. 13-1 at 2-53.)  On September 23, 2011, the San Diego County Superior Court denied the petition.  (Id. at 55.)  Pursuant to the mail box rule, on January 18, 2012, petitioner filed a habeas corpus petition in the California Court of Appeal.  (ECF No. 13-2 at 1-52.)  On June 6, 2012, the California Court of Appeal denied the petition.  (Id. at 54.)   Petitioner next filed a habeas corpus petition in the California Supreme Court which is court stamp filed on July 18, 2012.  (ECF No. 13-2 at 57.)  This petition contains no proof of service.  The California Supreme Court denied this petition on October 24, 2012.  (Id. at 109.)

Respondent states that petitioner is entitled to statutory tolling for the entire time his state petitions were pending, i.e., from July 20, 2011, until October 24, 2012, for a total of 462 days.  Adding 462 days to September 16, 2011, results in the limitations period ending on December 21, 2012.  The instant action, filed February 20, 2013, is not timely.

In his opposition, petitioner argues that he is entitled to equitable tolling.  The limitations period is subject to equitable tolling if the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that would give rise to tolling.  Id. at 418.

In a declaration submitted in support of the opposition, petitioner discusses the grounds of his claim for equitable tolling, which include inadequate law library access and medical problems, i.e., a stroke suffered in July 2007 and cancer.  Petitioner also attaches medical records regarding his cancer diagnosis to his opposition.

On August 16, 2013, petitioner filed a motion to withdraw his declaration submitted in support of the opposition.  (ECF No. 16.)  In this motion, petitioner also contends that it can take

3

weeks for him to recover from his treatments for cancer and hepatitis C.  (Id. at 3.)  Based on this

statement, it appears that petitioner's arguments for equitable tolling are based on the medical

records attached to his opposition, rather than the withdrawn declaration.  Accordingly,

petitioner's motion to withdraw his declaration is granted.[1]  The undersigned describes the

contents of these medical records herein.

Petitioner has provided a record from the Microcorre Diagnostic Laboratory dated May 8,

2009.  (ECF No. 14 at 10.)  The report states that tumor cell stains indicated lymphoma.  (Id.)

Petitioner also includes a record from Alvarado Hospital in San Diego dated August 29, 2011.

(Id. at 12.)  This record state that petitioner was sent to the hospital due to elevated alpha-

fetoprotein tumor marker and end-stage cirrhosis secondary to hepatitis C.  (Id.)  The report states

that petitioner had a history of large B-cell non-Hodgkin's lymphoma, for which he had radiation

treatments.  (Id.)  The report states,

> According to him, he has not had chemotherapy because of
> concurrent hepatitis C infection.  I am not sure if that is correct,
> however.  He denies any symptoms of encephalopathy, jaundice,
> melena or hematochezia.  He did have some nausea, vomiting, and
> had some bright red blood hematemesis sometime in April…

(Id.)

The report concludes that chronic hepatitis C is not a contraindication to chemotherapy.

(Id. at 14.)  Therefore, the doctor strongly recommended chemotherapy if the oncologist thinks

petitioner would benefit from it.  (Id.)  The doctor recommended an ultrasound of petitioner's

right upper quadrant, an upper endoscopic evaluation, checking petitioner's hepatitis B surface

antibody, and a prescription for Ensure.  (Id.)

Finally, petitioner includes as an exhibit a copy of a form prepared at California State

Prison-Sacramento on September 4, 2012 addressing petitioner's request to be transferred from

the Security Housing Unit ("SHU") to an Outpatient Housing Unit available for care of his

---

[1]  The statements in petitioner's declaration regarding inadequate law library access would not
justify a finding of equitable tolling.  Petitioner's claim for equitable tolling in his declaration
based on having suffered a stroke is also not well supported.

1    multiple chronic medical problems.  (Id. at 15.)  The report states that petitioner has an ulcer and

2    a left cranial hematoma, which appears stable.  (Id.)  The report also states that petitioner has non-

3    Hodgkin lymphoma "status post chemotherapy and radiation in 2009.  Last cycle completed in

4    2012."  (Id.)

5           For the following reasons, the undersigned finds that petitioner is not entitled to equitable

6    tolling based on his medical problems.  As discussed above, the statute of limitations began

7    running on September 16, 2010.  Petitioner filed his first states habeas petition on July 20, 2011.

8    The California Supreme Court denied his petition on October 24, 2012.  Petitioner filed his

9    federal petition approximately four months later on February 22, 2013.

10          The medical records do not demonstrate that medical treatment for lymphoma or hepatitis

11   made petitioner unable to file his federal petition until approximately four months after the

12   California Supreme Court denied his state habeas petition.  In other words, petitioner has not

13   demonstrated that his treatment for lymphoma and/or hepatitis constituted an extraordinary

14   circumstance that actually prevented him from filing a timely federal habeas petition.  See

15   Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (equitable tolling denied where delay in

16   pursuit of federal habeas attributable to petitioner's actions in waiting for the day prior to

17   expiration period); Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (state trial court's mis-

18   advisement of appeal date did not equitably toll period where petitioner waited more than four

19   months to file federal petition); Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (denying

20   equitable tolling where "the petitioner, acting with reasonable diligence, could have filed on time

21   notwithstanding the extraordinary circumstances."); Plowden v. Romine, 78 F.Supp.2d 115, 119

22   (E.D.N.Y. 1999) (denying equitable tolling where petitioner allowed a two week window, in

23   which he could have filed a timely habeas petition, to lapse).

24          The undersigned also finds that an evidentiary hearing is not warranted to address the

25   issue of equitable tolling.  Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010) ("Where the

26   record is amply developed, and where it indicates that the [alleged extraordinary circumstance did

27   not] cause the untimely filing of his habeas petition, a district court is not obligated to hold

28   evidentiary hearings to further develop the factual record, notwithstanding the petitioner's

5

1   allegations…")  As discussed above, petitioner has presented a September 2012 record stating

2   that he received chemotherapy and radiation in 2012.  However, petitioner has presented no

3   evidence that he was treated with chemotherapy and radiation after the date of this report, i.e.,

4   September 4, 2012, that made him unable to file his federal petition until approximately four

5   months after the California Supreme Court denied his state petition on October 24, 2012.  There

6   is no suggestion in the record that petitioner's treatment for lymphoma and/or hepatitis C made

7   him unable to file his federal petition until approximately four months after the California

8   Supreme Court denied his state habeas petition.  For these reasons, an evidentiary hearing is not

9   warranted.

10          Accordingly, IT IS HEREBY ORDERED that petitioner's motion to withdraw his

11   affidavit/declaration (ECF No. 16) is granted;

12          IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be

13   granted.

14          These findings and recommendations are submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16   after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

19   he shall also address whether a certificate of appealability should issue and, if so, why and as to

20   which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

21   applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

22   2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after

23   service of the objections.  The parties are advised that failure to file objections within the

24   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

25   F.2d 1153 (9th Cir. 1991).

26   Dated:  August 23, 2013

27                                              KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE

28   valles362.157