UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL VALLES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>T. VIRGA,<br><br>　　　　　Respondent. | No.  2: 13-cv-0362 TLN KJN P<br><br><br>ORDER AND AMENDED FINDINGS AND RECOMMENDATIONS |

Introduction

　　　Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed, pursuant to the mailbox rule, on February 20, 2013.  (ECF No. 1.)  Petitioner alleges that application of California Penal Code § 2933.6 to his sentence, which prohibits a validated gang member or associate who is housed in a security housing unit from earning sentence reducing credits, violates his right to due process, the Ex Post Facto Clause and breaches his plea agreement.  (Id. at 8.)

　　　Pending before the court is respondent's motion to dismiss on the grounds that this action is barred by the statute of limitations.  (ECF No. 13.)  On August 23, 2013, the court

1

recommended that respondent's motion be granted. (ECF No. 18.) On September 10, 2013, petitioner filed objections. (ECF No. 19.) After reviewing the record, the court has decided to issue amended finding and recommendations further clarifying the issue of equitable tolling. In these amended findings and recommendations, the court again recommends that respondent's motion to dismiss be granted.

Discussion

28 U.S.C. § 2254(d)(1) provides,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitations period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In his objections to the original findings and recommendations, petitioner argues that the statute of limitations does not apply because he is not challenging the legality of his conviction The Ninth Circuit has held that the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) applies to administrative decisions. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). Because petitioner challenges an administrative decision, the statute of limitations is applicable.

A state prisoner challenging an adverse administrative decision finalized after April 24, 1996, must seek federal habeas relief within one-year of the adverse administrative decision. Shelby, supra at 1063. In petitioner's case, the Director's Level of Review denying petitioner's administrative appeal was decided on September 16, 2010. (ECF No. 1 at 48.) Therefore, petitioner had until September 16, 2011 to seek timely federal habeas relief. See Shelby, supra at

2

1065 (holding that the statute of limitations began to run the day after the denial of an administrative appeal of a prison disciplinary hearing decision); Redd v. McGrath, 343 F.3d at 1084 (holding that the statute of limitations began to run the day after the denial of an administrative appeal of a Board of Prison Terms' decision denying parole).  The instant action, filed February 20, 2013, is not timely unless petitioner is entitled to statutory or equitable tolling.

Title 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  The undersigned herein considers whether petitioner is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

Pursuant to the mailbox rule, on July 20, 2011, petitioner filed a habeas corpus petition in the San Diego County Superior Court.  (ECF No. 13-1 at 2-53.)  On September 23, 2011, the San Diego County Superior Court denied the petition.  (Id. at 55.)  Pursuant to the mailbox rule, on January 18, 2012, petitioner filed a habeas corpus petition in the California Court of Appeal.  (ECF No. 13-2 at 1-52.)  On June 6, 2012, the California Court of Appeal denied the petition.  (Id. at 54.)   Petitioner next filed a habeas corpus petition in the California Supreme Court which is court stamp filed on July 18, 2012.  (ECF No. 13-2 at 57.)  This petition contains no proof of service.  The California Supreme Court denied this petition on October 24, 2012.  (Id. at 109.)

Respondent states that petitioner is entitled to statutory tolling for the entire time his state petitions were pending, i.e., from July 20, 2011, until October 24, 2012, for a total of 462 days.  Adding 462 days to September 16, 2011, results in the limitations period ending on December 21, 2012.  The instant action, filed February 20, 2013, is not timely.

In his opposition, petitioner argues that he is entitled to equitable tolling.  The limitations period is subject to equitable tolling if the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that would give rise to tolling.  Id. at 418.

////

1   In a declaration submitted in support of the opposition, petitioner discusses the grounds of
2   his claim for equitable tolling, which include inadequate law library access and medical problems.
3   Petitioner also attaches some medical records regarding his medical problems to his opposition.
4   On August 16, 2013, petitioner filed a motion to withdraw his declaration submitted in
5   support of the opposition.  (ECF No. 16.)  In this motion, petitioner also contends that it can take
6   weeks for him to recover from his treatments for cancer and hepatitis C.  (Id. at 3.)  Based on this
7   statement, it appears that petitioner's arguments for equitable tolling are based on the medical
8   records attached to his opposition, rather than the withdrawn declaration.  Accordingly,
9   petitioner's motion to withdraw his declaration is granted.[1]  The undersigned describes the
10  contents of these medical records herein.
11  Petitioner has provided a record from the Microcorre Diagnostic Laboratory dated May 8,
12  2009.  (ECF No. 14 at 10.)  The report states that tumor cell stains indicated lymphoma.  (Id.)
13  Petitioner also includes a record from Alvarado Hospital in San Diego dated August 29, 2011.
14  (Id. at 12.)  This record state that petitioner was sent to the hospital due to elevated alpha-
15  fetoprotein tumor marker and end-stage cirrhosis secondary to hepatitis C.  (Id.)  The report states
16  that petitioner had a history of large B-cell non-Hodgkin's lymphoma, for which he had radiation
17  treatments.  (Id.)  The report states,

> According to him, he has not had chemotherapy because of concurrent hepatitis C infection.  I am not sure if that is correct, however.  He denies any symptoms of encephalopathy, jaundice, melena or hematochezia.  He did have some nausea, vomiting, and had some bright red blood hematemesis sometime in April…

21  (Id.)
22  The report concludes that chronic hepatitis C is not a contraindication to chemotherapy.
23  (Id. at 14.)  Therefore, the doctor strongly recommended chemotherapy if the oncologist thinks
24  petitioner would benefit from it.  (Id.)  The doctor recommended an ultrasound of petitioner's
25  right upper quadrant, an upper endoscopic evaluation, checking petitioner's hepatitis B surface

---

[1] The statements in petitioner's declaration regarding inadequate law library access would not justify a finding of equitable tolling.  Petitioner's claim for equitable tolling in his declaration based on having suffered a stroke is also not well supported.

4

antibody, and a prescription for Ensure. (Id.)

Finally, petitioner includes as an exhibit a copy of a form prepared at California State Prison-Sacramento on September 4, 2012, addressing petitioner's request to be transferred from the Security Housing Unit ("SHU") to an Outpatient Housing Unit available for care of his multiple chronic medical problems. (Id. at 15.) The report states that petitioner has an ulcer and a left cranial hematoma, which appears stable. (Id.) The report also states that petitioner has non-Hodgkin lymphoma "status post chemotherapy and radiation in 2009. Last cycle completed in January 2012. The results of the PET scan are currently pending." (Id.) The form also describes petitioner in "general" as "[a]n alert, tall Hispanic male in no acute distress." (Id.)

For the following reasons, the undersigned finds that petitioner is not entitled to equitable tolling based on his medical problems. The medical records demonstrate that petitioner has suffered from serious medical problems. However, the medical records do not demonstrate that the medical problems were the cause of petitioner's untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness.")

The medical records do not demonstrate that petitioner's medical problems caused petitioner to file his federal habeas petition approximately four months after the California Supreme Court denied his habeas corpus petition on October 24, 2012. The medical report dated September 4, 2012, described petitioner as in no acute distress. The record also indicates that petitioner was able to file his state habeas petitions despite his serious medical problems. In other words, petitioner has not demonstrated that his ability to pursue his state post-conviction remedies was impacted by his medical problems. For these reasons, the undersigned finds that petitioner has not met his burden of demonstrating that he is entitled to equitable tolling based on his medical problems.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to withdraw his affidavit/declaration (ECF No. 16) is granted; and

////

////

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 29, 2013

valles362.157(2)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE